# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES RONALD NEAL, JR.,

        Plaintiff,         Case Number: 2:21-CV-10588

v.         HON. GERSHWIN A. DRAIN
        UNITED STATES DISTRICT JUDGE

BURKE, ET AL.,

        Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT

### I. INTRODUCTION

Plaintiff James Ronald Neal, Jr. ("Plaintiff") filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He also filed a Motion to proceed *in forma pauperis* under 28 U.S.C. § 1915, ECF No. 5, which the Court granted, ECF No. 6. Because Plaintiff is proceeding *in forma pauperis*, the Court is authorized to screen the case and dismiss it at any time if it determines that the action is: (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

Upon careful review of the present Complaint, the Court concludes that Plaintiff fails to state a claim upon which relief can be granted. For the reasons articulated below, the Court will accordingly dismiss Plaintiff's Complaint.

## II. BACKGROUND

On January 28, 2020, while incarcerated at the Cotton Correctional Facility in Jackson, Michigan, Plaintiff was called to health care for his yearly checkup. Defendant Burke, a registered nurse, gave him an injection which he believed was a TB vaccine.[1] ECF No. 1, PageID.7. Later that day, Plaintiff was informed by Defendant Russell that Defendant Burke had "made a mistake" and injected him with a flu vaccine rather than a TB vaccine. *Id.* Defendant Russell asked Plaintiff if he intended to file a grievance. *Id.* Plaintiff responded that he intended to do so because he had to protect himself. *Id.* Later that night, Plaintiff felt ill and asked corrections officer Coleman to call someone at health care so he could be seen. *Id.* Coleman did so but reported that health care declined to see him because there was nothing that could be done. *Id.*

The following day, Plaintiff's arm was stiff and swollen. *Id.* He was called to health care later in the day. A nurse asked him not to write a grievance and tried "to bribe [him] with ice and Motrin and asked [him] if there could be any 'accommodations' for the mishap." *Id.*

---

[1] At times Plaintiff refers to the shot as a TB "test", while at other times he refers to it as a "shot" or "injection." ECF No. 1, PageID.7. Upon review of the entire Complaint, it appears that Plaintiff received a vaccine rather than a test. Regardless of whether Plaintiff received a vaccine or was tested for TB, the Court's analysis is the same.

On February 4, 2020, Plaintiff was transferred to the Thumb Correctional Facility "for no reason whatsoever." *Id.* There, a nurse told Plaintiff that he should not have been transferred until he was treated. *Id.* He was then given Tamiflu for five days, which he claims made him sicker. *Id.* Plaintiff also states that he then contracted COVID-19 and was transferred to Macomb Correctional Facility, where he was quarantined for sixty-five days.

In his present Complaint, Plaintiff names Nurse Burke, supervisor Russell, grievance coordinator Henry McCumber, and Warden Noah Nagy as defendants.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and

3

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978). *Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### IV. ANALYSIS

#### A. Defendants McCumber and Nagy

The Court finds that Plaintiff fails to satisfy the minimum pleading requirements as to Defendants Henry McCumber and Noah Nagy. As explained *supra*, basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants. Fed. R. Civ. P. 8(a); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); Fed. R. Civ. P. 8(a). A complaint must allege each defendant's personal

involvement with the alleged violation of federal rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (unpublished table decision) (requiring allegations of personal involvement against each defendant).

Here, Plaintiff fails to make any specific allegations against Defendants McCumber and Nagy. Indeed, other than naming them as defendants, Plaintiff fails to make any specific reference to their particular, alleged involvement in his case. Accordingly, the Court concludes that Plaintiff fails to satisfy the minimum pleading requirements as to these defendants.

### B. Eighth Amendment Claim

Plaintiff claims that his Eighth Amendment right to be free from cruel and unusual punishment was violated when Defendant Burke accidentally injected him with a flu vaccine. "[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime[.]" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (internal quotation marks and citation omitted). Prison officials violate the Eighth Amendment when they act with deliberate

5

indifference to an inmate's health or deprive an inmate of basic human needs, food, medical care or sanitation. *Id.* at 346–47.

A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires a sufficiently serious medical need. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). "Seriousness is measured objectively, in response to 'contemporary standards of decency.'" *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). The subjective component requires an inmate to "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837). The subjective requirement "is meant to prevent the constitutionalization of medical malpractice claims." *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Here, Plaintiff fails to allege facts to suggest that Defendant Burke's administration of the flu vaccine was anything other than a mistake. He does not allege, nor is there any indication, that Defendant Burke perceived a substantial risk

to Plaintiff, recognized a risk, and, then disregarded it.  The incorrect administration of medication, without more, is insufficient to show an Eighth Amendment violation. *See Barnett v. Luttrell*, 414 F. App'x 784, 788 (6th Cir. 2011).  Accordingly, Plaintiff fails to state a claim against Burke.

As to Defendant Russell, it is not entirely clear upon what facts Plaintiff's Eighth Amendment claim is based.  According to the allegations in the Complaint, Defendant Russell's role in this incident was limited to informing Plaintiff about Defendant Burke's mistake and asking Plaintiff if he planned to file a grievance. Plaintiff does not allege that Defendant Russell was involved in Defendant Burke's mistake or in the subsequent treatment he received.

While the Court liberally construes *pro se* complaints, the Court "should not have to guess at the nature of the claim asserted."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.").  Upon careful review of the present Complaint, the Court concludes that Plaintiff presents no allegations or facts which would permit an inference that Defendant Russell knew of a risk to Plaintiff and chose to disregard it.  Accordingly, Plaintiff also fails to state an Eighth Amendment claim against Defendant Russell.

In sum, the Court finds that Plaintiff fails to state a claim upon which relief may be granted. The Court will therefore dismiss Plaintiff's Complaint in its entirety.

## V. Conclusion & Order

For the reasons articulated above, **IT IS HEREBY ORDERED** that Plaintiff's Complaint [#1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that an appeal from this Order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997).

**IT IS SO ORDERED**.

Dated: June 24, 2021

                                                s/Gershwin A. Drain
                                                Hon. Gershwin A. Drain
                                                United States District Court Judge

CERTIFICATE OF SERVICE

A Copy of this Order was served on James Ronald Neal, No. 212071,
Thumb Correctional Facility, 3225 John Conley Drive,
Lapeer, Michigan 48446 on
June 24, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk